Nicole L. Greenblatt, P.C.
Susan D. Golden
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Whitney Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| LAKELAND TOURS, LLC, | ) Case No. 20-11647 (___) |
| Debtor. | |
| Tax I.D. No. 54-1902946 | |
| In re: | ) Chapter 11 |
| BRIGHTSPARK TRAVEL, INC., | ) Case No. 20-11648 (___) |
| Debtor. | |
| Tax I.D. No. 36-3334913 | |
| In re: | ) Chapter 11 |
| EXPLORICA MERIDA HOLDINGS, LLC, | ) Case No. 20-11650 (___) |
| Debtor. | |
| Tax I.D. No. 35-2366915 | |
| In re: | ) Chapter 11 |
| EXPLORICA TRAVEL, INC., | ) Case No. 20-11651 (___) |
| Debtor. | |
| Tax I.D. No. 04-3554040 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPLORICA, INC., | ) Case No. 20-11653 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 04-3513247 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| GLOBALINKS - CANADA, LLC, | ) Case No. 20-11656 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 26-0360811 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| GLOBALINKS, LLC, | ) Case No. 20-11658 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-5596865 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| HERITAGE EDUCATION & FESTIVALS, LLC, | ) Case No. 20-11661 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 52-2196352 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| INTERNATIONAL STUDIES ABROAD, LLC, | ) Case No. 20-11663 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-2644025 | ) |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ISA WORLD HOLDING, LLC, | ) | Case No. 20-11666 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-0995258 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND FINANCE, LLC, | ) | Case No. 20-11668 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-2009273 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND HOLDINGS, LLC, | ) | Case No. 20-11669 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-1902612 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND SELLER FINANCE, LLC, | ) | Case No. 20-11649 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4440866 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LEADERSHIP PLATFORM ACQUISITION CORPORATION, | ) | Case No. 20-11652 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-3214276 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NATIONAL EDUCATIONAL TRAVEL COUNCIL, LLC, | ) Case No. 20-11654 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1365704 | ) |
| In re: | ) Chapter 11 |
| | ) |
| OXBRIDGE ACADEMIC RESOURCES, LLC, | ) Case No. 20-11655 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 47-1846010 | ) |
| In re: | ) Chapter 11 |
| | ) |
| TRAVEL TURF, INC., | ) Case No. 20-11657 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 23-2110766 | ) |
| In re: | ) Chapter 11 |
| | ) |
| WH BLOCKER, INC., | ) Case No. 20-11659 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 03-0575344 | ) |
| In re: | ) Chapter 11 |
| | ) |
| WORLDSTRIDES HOLDINGS, LLC, | ) Case No. 20-11660 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 13-4315007 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WORLDSTRIDES INTERNATIONAL, LLC, | ) Case No. 20-11662 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 54-1956303 | ) |
| In re: | ) Chapter 11 |
| | ) |
| WS HOLDINGS ACQUISITION, INC., | ) Case No. 20-11664 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-3669485 | ) |
| In re: | ) Chapter 11 |
| | ) |
| WS HOLDINGS, INC., | ) Case No. 20-11665 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4430057 | ) |
| In re: | ) Chapter 11 |
| | ) |
| WS PURCHASER, INC., | ) Case No. 20-11667 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4430370 | ) |

**DEBTORS' MOTION
FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):[1]

---

[1]    A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion
are set forth in the *Declaration of Kellie Goldstein, Chief Financial Officer of Lakeland Tours, LLC d/b/a
WorldStrides, (I) In Support of Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local*

## **Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these

chapter 11 cases and (b) granting related relief.   Specifically, the Debtors request that the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

maintain one file and one docket for all of the jointly administered cases under the case of

Lakeland Tours, LLC, and that the chapter 11 cases be administered under a consolidated

caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) | Case No. 20-11647 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/WorldStrides.  The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

2.      The Debtors further request that the Bankruptcy Court order that the foregoing

caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States

Code (the "Bankruptcy Code").

3.      The Debtors also request that a docket entry, substantially similar to the

following, be entered on the docket of each of the Debtors' cases other than the case of Lakeland

Tours, LLC:

---

*Bankruptcy Rule 1107-2* (the "First Day Declaration"), filed contemporaneously with the commencement of these chapter 11 cases and incorporated by reference herein.

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Lakeland Tours, LLC, Case No. 20-11647; Brightspark Travel, Inc., Case No. 20-11648; Explorica Merida Holdings, LLC, Case No. 20-11650; Explorica Travel, Inc., Case No. 20-11651; Explorica, Inc., Case No. 20-11653; GlobaLinks - Canada, LLC, Case No. 20-11656; GlobaLinks, LLC, Case No. 20-11658; Heritage Education & Festivals, LLC, Case No. 20-11661; International Studies Abroad, LLC, Case No. 20-11663; ISA World Holding, LLC, Case No. 20-11666; Lakeland Finance, LLC, Case No. 20-11668; Lakeland Holdings, LLC, Case No. 20-11669; Lakeland Seller Finance, LLC, Case No. 20-11649; Leadership Platform Acquisition Corporation, Case No. 20-11652; National Educational Travel Council, LLC, Case No. 20-11654; Oxbridge Academic Resources, LLC, Case No. 20-11655; Travel Turf, Inc., Case No. 20-11657; WH Blocker, Inc., Case No. 20-11659; WorldStrides Holdings, LLC, Case No. 20-11660; WorldStrides International, LLC, Case No. 20-11662; WS Holdings Acquisition, Inc., Case No. 20-11664; WS Holdings, Inc., Case No. 20-11665; and WS Purchaser, Inc., Case No. 20-11667. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-11647 (___).**

4.       The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

### Jurisdiction and Venue

5.       The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to

7

the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

8.      The Debtors, together with their non-Debtor affiliates, provide full-service educational travel and experiential learning programs domestically and internationally for students from K12 to graduate level.  The Debtors are the United States' largest accredited travel company, providing organized educational travel and other experiential learning programs for more than 550,000 students in 2019.  The Debtors generated approximately $650 million in net revenue in fiscal year 2019, and employ approximately 1,500 people domestically and internationally.  The Debtors have historically enjoyed a stable position as the preeminent provider of educational travel.  However, the Debtors' businesses have sustained significant losses as a result of the worldwide shutdown of travel due to the COVID-19 pandemic, with additional constraints to liquidity anticipated in August and September 2020 as the Debtors continue to provide customer refunds.   As of July 20, 2020, (the "Petition Date"), the Debtors have approximately $768 million in funded debt obligations.

9.      Prior to the Petition Date, the Debtors entered into a restructuring support agreement (the "Restructuring Support Agreement") with their key stakeholders, including

approximately 85% of the holders of the Debtors' senior secured credit facility, their consenting

hedge provider J. Aron & Company, and their sponsors, Eurazeo North America and Primavera

Capital Management Ltd. (the "Sponsors"), and launched solicitation of a prepackaged plan of

reorganization (the "Plan").  The Debtors have commenced these chapter 11 cases to effectuate

the transactions contemplated in the Restructuring Support Agreement and the Plan to restructure

their funded debt, while ensuring that the financial restructuring will have a minimal impact on

the Debtors' operations, their key business partners, and their customers.

10.    On the Petition Date, each of the Debtors filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

### Basis for Relief

11.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more

petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtors are a group of

"affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the

Bankruptcy Code and Bankruptcy Rules authorize the Bankruptcy Court to grant the relief

requested herein.

12.    Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with the

power to grant the relief requested herein by permitting the Bankruptcy Court to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of the

[Bankruptcy Code]."  11 U.S.C. § 105(a).

13.    Joint administration is generally non-controversial, and courts in this jurisdiction

routinely order joint administration in cases with multiple, related debtors.  *See, e.g., In re Jason*

9

*Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 29, 2020) (directing joint administration of chapter 11 cases); *In re Frontier Commc'ns Corp.*, No. 20-22577 (RDD) (Bankr. S.D.N.Y. April 17, 2020) (same); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 11, 2019) (same); *In re Barneys N.Y. Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y., Aug. 7, 2019) (same); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019) (same).[2]

14.    Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

15.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of its estates, its creditors, and all other parties in interest.

---

[2]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**<u>Motion Practice</u>**

16.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**<u>Notice</u>**

17.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee for the Southern District of New York, Attn: Benjamin J. Higgins; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the administrative agent under the Debtors' prepetition credit agreement, Latham and Watkins, LLP, 885 Third Avenue, New York, NY 10022, Attn: Adam J. Goldberg and Hugh Murtagh; (d) counsel to the Sponsors, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, Attn: Paul H. Zumbro and George E. Zobitz, and Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Michael H. Torkin; (e) counsel to the ad hoc group of Consenting Lenders, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Scott J. Greenberg, Steven A. Domanowski and Jeremy Evans; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the office of the attorney general in the states where the Debtors conduct their business operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

11

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the

Order granting the relief requested herein and such other relief as the Bankruptcy Court deems

appropriate under the circumstances.

| | |
|---|---|
| Dated:  July 21, 2020<br>New York, New York | */s/ Nicole L. Greenblatt*<br>Nicole L. Greenblatt, P.C.<br>Susan D. Golden<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900 |

- and -

Whitney Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKELAND TOURS, LLC, | Case No. 20-11647 (___) |
| Debtor. | |
| Tax I.D. No. 54-1902946 | |
| In re: | Chapter 11 |
| BRIGHTSPARK TRAVEL, INC., | Case No. 20-11648 (___) |
| Debtor. | |
| Tax I.D. No. 36-3334913 | |
| In re: | Chapter 11 |
| EXPLORICA MERIDA HOLDINGS, LLC, | Case No. 20-11650 (___) |
| Debtor. | |
| Tax I.D. No. 35-2366915 | |
| In re: | Chapter 11 |
| EXPLORICA TRAVEL, INC., | Case No. 20-11651 (___) |
| Debtor. | |
| Tax I.D. No. 04-3554040 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPLORICA, INC., | ) Case No. 20-11653 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 04-3513247 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| GLOBALINKS - CANADA, LLC, | ) Case No. 20-11656 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 26-0360811 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| GLOBALINKS, LLC, | ) Case No. 20-11658 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-5596865 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| HERITAGE EDUCATION & FESTIVALS, LLC, | ) Case No. 20-11661 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 52-2196352 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| INTERNATIONAL STUDIES ABROAD, LLC, | ) Case No. 20-11663 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-2644025 | ) |

2

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ISA WORLD HOLDING, LLC, | ) Case No. 20-11666 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-0995258 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| LAKELAND FINANCE, LLC, | ) Case No. 20-11668 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 54-2009273 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| LAKELAND HOLDINGS, LLC, | ) Case No. 20-11669 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 54-1902612 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| LAKELAND SELLER FINANCE, LLC, | ) Case No. 20-11649 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4440866 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| LEADERSHIP PLATFORM ACQUISITION CORPORATION, | ) Case No. 20-11652 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-3214276 | ) |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONAL EDUCATIONAL TRAVEL COUNCIL, LLC, | ) | Case No. 20-11654 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-1365704 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OXBRIDGE ACADEMIC RESOURCES, LLC, | ) | Case No. 20-11655 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1846010 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRAVEL TURF, INC., | ) | Case No. 20-11657 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 23-2110766 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WH BLOCKER, INC., | ) | Case No. 20-11659 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 03-0575344 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WORLDSTRIDES HOLDINGS, LLC, | ) | Case No. 20-11660 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-4315007 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WORLDSTRIDES INTERNATIONAL, LLC, | ) | Case No. 20-11662 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-1956303 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WS HOLDINGS ACQUISITION, INC., | ) | Case No. 20-11664 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-3669485 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WS HOLDINGS, INC., | ) | Case No. 20-11665 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4430057 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WS PURCHASER, INC., | ) | Case No. 20-11667 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4430370 | ) | |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, "the Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Declaration; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Bankruptcy Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Bankruptcy Court under Case No. 20-11647 (___).

3.      The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) | Case No. 20- 11647 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/WorldStrides.  The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

4.    The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.    A docket entry, substantially similar to the following, shall be entered on the docket of each of the debtors other than Lakeland Tours, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of:  Lakeland Tours, LLC, Case No. 20-11647; Brightspark Travel, Inc., Case No. 20-11648; Explorica Merida Holdings, LLC, Case No. 20-11650; Explorica Travel, Inc., Case No. 20-11651; Explorica, Inc., Case No. 20-11653; GlobaLinks - Canada, LLC, Case No. 20-11656; GlobaLinks, LLC, Case No. 20-11658; Heritage Education & Festivals, LLC, Case No. 20-11661; International Studies Abroad, LLC, Case No. 20-11663; ISA World Holding, LLC, Case No. 20-11666; Lakeland Finance, LLC, Case No. 20-11668; Lakeland Holdings, LLC, Case No. 20-11669; Lakeland Seller Finance, LLC, Case No. 20-11649; Leadership Platform Acquisition Corporation, Case No. 20-11652; National Educational Travel Council, LLC, Case No. 20-11654; Oxbridge Academic Resources, LLC, Case No. 20-11655; Travel Turf, Inc., Case No. 20-11657; WH Blocker, Inc., Case No. 20-11659; WorldStrides Holdings, LLC, Case No. 20-11660; WorldStrides International, LLC, Case No. 20-11662; WS Holdings Acquisition, Inc., Case No. 20-11664; WS Holdings, Inc., Case No. 20-11665; and WS Purchaser, Inc., Case No. 20-11667.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-11647 (___).**

7

6.      One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7.      The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     This Bankruptcy Court retains exclusive jurisdiction with respect to all matters

arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2020

_____
THE HONORABLE JUDGE [●]
UNITED STATES BANKRUPTCY JUDGE